# UNITED STATES DISTRICT COURT
## District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Blake Brown** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR02452-001JB** |
| | USM Number: **59550-051** |
| | Defense Attorney: **Thomas Jameson, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **S1 and S3 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 924(c) | Possessing a Firearm in Furtherance of a Drug Trafficking Crime | 03/15/2010 | S1 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Possession with Intent to Distribute Five Grams and More of Methamphetamine | 03/15/2010 | S3 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☒  Count **S2** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 25, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**October 7, 2011**
Date Signed

Defendant: **Blake Brown**
Case Number: **1:10CR02452-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **120 months**.

**A term of 60 months is imposed as to Count S1; a term of 60 months is imposed as to Count S3; said terms shall run consecutively for a total term of 120 months.**

**The Court incorporates by reference its Order Dismissing Count 2 of the Indictment, filed August 29, 2011 (Doc. 38), and its Order, filed August 30, 2011 (Doc. 36), granting the United States` request for downward adjustment. Defendant Blake Brown, pursuant to a Plea Agreement, filed March 16, 2011 (Doc. 28), pled guilty to Counts I and III of the Indictment, filed August 25, 2010 (Doc. 1). Counts I and III of the Indictment charged Brown with a violation of 18 U.S.C. § 924(c)(1)(A)(i), that being knowingly carrying a firearm during and in relation to a drug trafficking crime, and a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute methamphetamine. The Plea Agreement stipulates to a 3-level reduction in Brown`s offense level pursuant to U.S.S.G. § 3E1.1 for recognition and affirmative acceptance of personal responsibility for his criminal conduct. See Plea Agreement ¶ 10, at 5. Pursuant to the Plea Agreement, Brown agreed to forfeit any interest he has in any asset derived from the commission of the offenses in this case. See Plea Agreement ¶ 13, at 6.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Brown on July 25, 2011. In the PSR, the USPO calculated Brown`s guideline imprisonment sentence for Count I as 60 months as required by statute, which must run consecutively to any sentence imposed. See PSR ¶ 35, at 10. For Count III, the USPO calculated the total offense level to be 25. See PSR ¶ 44, at 12. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Brown`s acceptance of responsibility for the offense of conviction. See PSR ¶ 43, at 12. The PSR lists his criminal history category as II, based on 2 criminal history points. See PSR ¶ 49, at 14. With respect to Count III, an offense level of 25 and a criminal history category II results in a guideline imprisonment range of 63 to 78 months.**

**The USPO disclosed a Second Memorandum and Presentence Investigation Report to clarify an inadvertent omission of Brown`s eligible time served credit from the custodial status calculations in the first Memorandum and the re-disclosed PSR. At the sentencing hearing, Brown orally moved for a variance on Count III, seeking a total sentence of 120 months for both offenses pursuant to the mandatory minimum for these offenses. See Transcript of Hearing at 4:11-15 (taken August 25, 2011)("Tr.")(Jameson). Plaintiff United States of America did not oppose his request for a variance at the hearing. See Tr. at 8:18-21 (Messec).**

**Given that the parties do not object to the sentencing guideline applications in the PSR, the Court adopts the sentencing calculation in the PSR as its own. As to Count I of the Superseding Indictment, the guideline sentence is the statutorily required sentence of 60 months, which will run consecutively to any other sentence imposed. As to Count III of the Superseding Indictment, the offense level is 25 and the criminal history category is II, resulting in a guideline imprisonment range of 63 to 78 months. The Court notes that, between January 2009 and March 2010, Brown was arrested on four occasions for possession with intent to distribute 32.25 net grams of methamphetamine and 28.7 net grams of methamphetamine. On one of those occasions, Brown was found in possession of a Ruger Model A nine millimeter firearm, a Savage Arms Model 270 caliber rifle, and over 800 rounds of ammunition.**

**The Court has considered the guideline range for the applicable category of offenses committed by the applicable category of defendant as well as the statutory minimums for these offenses. The Court believes that the punishment that the guidelines set forth is not appropriate for Brown`s offenses. The Court believes that a sentence of 60 months for each count, which will run consecutively, is adequate to reflect of the seriousness of the offense, to provide just punishment, to afford adequate deterrence, to protect the public, and to otherwise fully reflect each of the factors embodied in 18 U.S.C. § 3553(a). Brown has not had an extremely serious sentence before this federal sentence and appears to have lacked rehabilitative effort in the state system. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. The Court has few options with respect to a variance based on the statutory mandatory minimums for the charged offenses. Given the mandatory minimums in this case, a 120-month sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98?473, 98 Stat. 1987. The Court**

sentences Brown to 120-months incarceration. Brown is sentenced to 60-months incarceration for Count I and 60-months incarceration for Count III. The terms of these sentences shall run consecutively for a total term of 120-months incarceration.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends, first, FCI Sheridan; second, Tucson Federal Correctional Institution, Tucson, Arizona; and, third, Florence Federal Correctional Institution, Florence, Colorado, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Blake Brown**
Case Number: **1:10CR02452-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

**A term of 3 years is imposed as to Count S1; a term of 4 years is imposed as to Count S3; said terms shall run concurrently for a total term of 4 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Blake Brown**
Case Number: **1:10CR02452-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, illegal narcotics, and other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must not operate a motor vehicle unless lawfully licensed, registered and insured, and shall provide verification to the probation officer.**

Defendant: **Blake Brown**
Case Number: **1:10CR02452-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐    The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒  In full immediately; or
B    ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest to the firearms and ammunition listed in paragraph 14 of the Plea Agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.